UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARLOS MCDANIEL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, Acting Commissioner ) <br> of Social Security Administration, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 2:14-cv-00994-APG-CWH <br><br> **REPORT AND RECOMMENDATION** |

This case involves judicial review of an administrative action by the Commissioner of Social Security ("Defendant") denying Plaintiff Carlos McDaniel's ("Plaintiff") application for supplemental security income under Title XVI of the Social Security Act. Before the Court is Plaintiff's Motion for Reversal or Remand (ECF No. 19), filed January 13, 2015, and Defendant's Response and Cross-Motion to Affirm (ECF Nos. 22, 23),[1] filed March 17, 2015. Plaintiff did not file a Reply. This action was referred to the undersigned magistrate judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

**BACKGROUND**

Plaintiff applied for supplemental security income on July 5, 2011. AR[2] 79-87. Plaintiff's claim was denied initially on September 20, 2011, and upon reconsideration on December 1, 2011. AR 52-55. A hearing was held before an Administrative Law Judge ("ALJ") on October 5, 2012. AR 21-49. On October 19, 2012, the ALJ issued a decision finding plaintiff was not disabled from July 5, 2011 through the date of the decision. AR 27. Thereafter, the Appeals Council denied

---

[1] Defendant filed both an opposition to Plaintiff's motion and a cross-motion to affirm. See ECF Nos. 22, 23. This Court's review of these two documents reveals that the arguments presented are identical. Therefore, this Court refers only to Defendant's cross-motion, ECF No. 22, even though an identical argument is presented in Defendant's opposition, ECF No. 23.

[2] AR refers to the administrative record lodged with this Court. See ECF No. 12.

Plaintiff's request for review, rendering the ALJ's decision final.[3]  AR 1-6.  Plaintiff, on June 19, 2014, commenced the instant action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c).  See ECF No. 1.

## DISCUSSION

### I.     LEGAL STANDARDS

#### A.     Judicial Standard of Review

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g).  Section 405(g) states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides."  The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002).  The Ninth Circuit reviews de novo a decision issued by a district court in such cases.  Batson v. Comm'r, Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g); Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005).  However, these findings may be set aside if they are based on legal error or not supported by substantial evidence.  See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006); see also Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  In determining whether the Commissioner's findings are supported by substantial evidence, a court reviews "the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Reddick v. Chater, 157 F.3d 715,

---

[4]  The ALJ's decision becomes the final administrative decision of defendant.

720 (9th Cir. 1998). The Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. Batson, 359 F.3d at 1193. When the evidence supports more than one rational interpretation, a court must defer to the Commissioner's interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so the court does not speculate as to the basis of the findings when reviewing the Commissioner's decision. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. Lewin v. Schweiker, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." Id. at 635.

**B.    Disability Evaluation Process**

An individual seeking disability benefits has the initial burden of proving disability. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). An individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." See 42 U.S.C. § 423(d)(1)(A). The individual must provide "specific medical evidence" in support of the claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his or her prior work, then the burden shifts to the Commissioner to show that the individual "can perform other substantial gainful work that exists in the national economy." Batson, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520 and 416.920; see also Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987). If at any step the ALJ determines that he or she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. See 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); see also Barnhart v. Thomas, 540 U.S. 20, 24

(2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Substantial gainful activity is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities of the kind usually done for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in substantial gainful activity, then a finding of not disabled is made. If the individual is not engaging in substantial gainful activity, then the analysis proceeds to step two.

The second step addresses whether the individual has a medically determinable impairment, or combination of impairments, that is severe and significantly limits performance of basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. See 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[4] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment, or combination of impairments, does not meet or equal the criteria of a listing or meet

---

[3] An SSR constitutes the Social Security Administration's official interpretation of the statute and its regulations. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009); see also 20 C.F.R. § 402.35(b)(1). An SSR is entitled to some deference as long as it is consistent with the Social Security Act and regulations. Bray, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

the duration requirement, then the analysis proceeds to step four, but, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 416.920(e).

The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. See SSR 96-8p. In determining the RFC, an ALJ must consider all relevant evidence, including all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSR 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, an ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence under the requirements of 20 C.F.R. §§ 404.1527 and 416.927, and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

At step four, the ALJ must determine whether the individual has the RFC to perform past relevant work, which means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years prior to the date that disability must be established. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). In addition, the work must have lasted long enough for the individual to learn the job and performed as substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates other work exists in

significant numbers in the national economy that the individual can do. Yuckert, 482 U.S. at 146 n.5.

## II.  THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 21-27. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 5, 2011. AR 22. At step two, the ALJ found that Plaintiff had medically determinable impairments: left shoulder atrophy due to brachial plexus injury, degenerative disc disease of the lumbar spine and obesity. AR 23. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. At step four, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b). Specifically, the ALJ found that Plaintiff could lift and/or carry 20 pounds, occasionally, and 10 pounds frequently. In an eight-hour workday, he could sit, stand and/or walk for six hours. He was occasionally able to engage in all postural activities. However, he was limited to jobs requiring use of only his dominant right arm and/or hand. Id. The ALJ noted that Plaintiff could not perform any past relevant work. AR 26. Considering Plaintiff's age, education, work experience, and RFC, under step five, the ALJ determined that Plaintiff could perform other jobs that exist in significant numbers in the national economy. Id. The ALJ also noted that transferability of job skills was not material to the determination because, under a medical-vocational rules framework, Plaintiff was not disabled regardless of whether she had transferable job skills. Id. Accordingly, the ALJ concluded that Plaintiff was not disabled from the alleged onset date of July 5, 2011, until the date of the decision. AR 27.

## III.  ANALYSIS

Plaintiff seeks reversal or remand of the ALJ's decision for one reason. Plaintiff contends that in assessing the RFC, the ALJ erred by failing to provide legally sufficient reasons for rejecting Plaintiff's testimony as "not credible" despite the absence of medical evidence supporting that conclusion. Defendant responds that the ALJ's decision must be affirmed. Defendant argues that the ALJ properly found Plaintiff "not fully credible" by providing specific reasons supported by

substantial evidence to discount Plaintiff's subjective complaints. Plaintiff did not file a reply.

The ALJ's assessment of credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989). The ALJ is required to engage in a two-step analysis to evaluate credibility. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged. Id. If so, "and there is no evidence of malingering, the ALJ can only reject the [individual's] testimony about the severity of symptoms if [the ALJ] gives specific, clear and convincing reasons for the rejection." Id. (quotation omitted). To support a finding of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than she claims. Id. at 592. "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." Orn v. Astrue, 495 F.3d 625, 636 (9th Cir. 2007) (quotation omitted).

The Court finds that the ALJ's finding that Plaintiff was not credible with respect to his subjective complaints of symptoms and functional limitations is supported by substantial evidence. The ALJ properly considered Plaintiff's daily activities when evaluating the credibility of his subjective complaints. AR 24. The ALJ noted Plaintiff stated that although it was difficult with one arm, he could attend to his personal care, prepare his own microwave meals and shop for groceries. AR 117-118. The ALJ reasonably concluded these statements undermined Plaintiff's claim to have totally disabling pain preventing him from performing any work activity. AR 24-25. See Rollins v.Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("The ALJ also pointed out ways in which [the individual's] claim to have totally disabling pain was undermined by her own testimony about her daily activities, such as attending to the needs of her two young children, cooking, housekeeping, laundry, shopping, attending therapy and various other meeting every week.").

The ALJ also pointed out that the medical evidence did not support Plaintiff's subjective complaints regarding the severity of his symptoms. AR 24. The ALJ observed that the records

showed Plaintiff's overall treatment history was sparse and fairly conservative, consisting of medications and instructions on follow up visits. AR 25, 203, 204, 206, 213, 275-281. Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007) (stating that "evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment" (quotation omitted)).

The ALJ noted that aside from his left shoulder impairment, and lower back pain, the greater weight of the evidence showed no other symptoms or limitations. AR 24, 247-250. Treatment records reveal Plaintiff was vague about his chief complaints and that he complained about having kidney problems, an impairment that based on the records, did not exist. AR 24, 198. The ALJ noted that a physical examination of Plaintiff's upper extremities revealed no edema, normal range of motion and normal joints, in spite of tenderness. AR 24, 202. The ALJ observed that during a consultative examination, the doctor reported Plaintiff was able to move around the office without assistance, and that although physical examination revealed an atrophied deltoid muscle at Plaintiff's left shoulder, his right shoulder was normal. AR 25, 247. The ALJ observed that there was no evidence of tenderness in Plaintiff's dorsolumbar area (lower thoracic and upper lumbar area) and that he had normal range of motion. AR 25, 248. The ALJ pointed out that although records showed an assessment of scolisis, x-rays showed no acute osseous or joint space abnormality. AR 25, 314, 317.

The ALJ also considered the opinion of a state agency reviewing physician who reported Plaintiff was limited to occasional reaching with his left upper extremity, but had no limitations with his right upper extremity. AR 26, 357. The ALJ also considered the opinions of a consultative examining physician, who opined Plaintiff was limited to lifting and carrying 10 pounds with his left side, but could lift and/or carry 100 pounds occasionally with his right side and 50 pounds frequently. AR 26, 249.

The ALJ concluded that aside from his left shoulder impairment, and lower back pain, the greater weight of the evidence showed no other symptoms or limitations. AR 24. The ALJ further concluded, in light of the objective findings, Plaintiff's daily activities, and the conservative treatment he had received, that Plaintiff's allegation that he was precluded from all work activity because of his physical impairments was not credible. AR. 24-26. The ALJ properly considered

Plaintiff's medical records in assessing his credibility.  See 20 C.F.R. §§ 416.929(c)(1) & (2) (2014) (requiring consideration of medical history, medical signs and laboratory findings, and objective medical evidence in evaluating the extent and impact of alleged pain); Parra, 481 F.3d at 750-51 (upholding credibility assessment where results of medical tests of functioning did not support subjective allegation); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1196 (9th Cir. 2003) (holding ALJ properly relied on objective medical evidence and medical opinions in determining credibility).

The Court finds that the ALJ carefully reviewed and weighed all relevant medical opinions, regulations, and guidelines and provided legally sufficient reasons for rejecting Plaintiff's testimony as not credible in determining Plaintiff's RFC and in rendering a final decision in Plaintiff's case.  As such, this Court concludes that Plaintiff fails to establish the ALJ committed reversible error.

### CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal or Remand (ECF No. 19) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm (ECF No. 22) be **granted**.

### NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the District Court's Order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 17, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**